| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT: NEW YORK | Case No. |
| ARNOLDO LOPEZ VASQUEZ, DIANA LETICIA LINAREZ RAMIREZ, ELIAS LOPEZ VASQUEZ, ADELA SOFIA MURILLO, individually and on behalf of all other similarly situated individuals,<br><br>                                      Plaintiff,<br><br>                - Against -<br><br>LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., MUZAMIL ZIA, SOHAIL DOE, SOURAV JHA,<br>                                      Defendant. | **COMPLAINT**<br>**FLSA COLLECTIVE ACTION** |

Plaintiff(s) on behalf of Plaintiff and others similarly situated, by and through his attorney, THE LAW OFFICE OF GREGORY A. GOODMAN P.C., complaining of Defendant(s), alleges the following:

## NATURE OF THE ACTION

1.    This is a civil action brought by Plaintiff(s) and all similarly situated to recover unpaid overtime compensation and earned wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked at the LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., controlled, managed and operated by MUZAMIL ZIA, SOHAIL DOE, SOURAV JHA, respectively (collectively herein the "Individual Defendants").

2.    Plaintiff(s) brings this action on behalf of Plaintiff(s) and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b),

to remedy violations of the wage-and-hour provisions of the FLSA that occurred at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., with its Principal Executive Office are located at 107 Broadway, Hicksville, NY 11801, 217 Bethpage Road, Hicksville, NY 11801, 55 South Broadway, Hicksville, NY 11801,

3. Plaintiff(s) and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff(s) and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and earned wages, and liquidated damages, compensatory damages, prejudgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

*Plaintiff*

8. Arnoldo Lopez Vasquez is an adult individual residing at 85 Lenox Avenue Hicksville, NY 11801.

9. Arnoldo Lopez Vasquez worked at the LAHORI KEBAB GRILL, CORP.. LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., from on or about May 2014 through February, 2018.

10. Arnoldo Lopez Vasquez worked primarily as a cook, cleaner and/or dishwasher, at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., located at 55 A Broadway, Hicksville, NY 11801.

11. Arnoldo Lopez Vasquez was a covered employee within the meaning of the FLSA and the NYLL.

12. Diana Leticia Linares Ramirez is an adult individual residing at 144 Meyers Avenue Hicksville, NY 11801

13. Diana Leticia Linares Ramirez worked at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC. from on or about October 2017 through December 2017.

14. Diana Leticia Linares Ramirez worked primarily as a cook, cleaner and/or dishwasher at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., located at 55 A Broadway, Hicksville, NY 11801.

15. Diana Leticia Linares Ramirez was a covered employee within the meaning of the FLSA and the NYLL.

16. Elias Lopez Vasquez is an adult individual residing at 88 Mill Road, Hicksville, NY 11801.

17. Elias Lopez Vasquez worked at the LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC. from on or about December 2017 through February 2018.

18. Elias Lopez Vasquez worked primarily as a cook, cleaner and/or dishwasher at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., located at 55 A Broadway, Hicksville, NY 11801.

19. Elias Lopez Vasquez was a covered employee within the meaning of the FLSA and the NYLL.

20. Adela Sofia Murillo is an adult individual residing at 144 Meyers Avenue, Hicksville, NY 11801.

21. Adela Sofia Murillo worked at the LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC. from on or about October 2017 through November 2017,

22. Adela Sofia Murillo worked primarily as wait staff at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., located at 55 A Broadway, Hicksville, NY 11801.

23. Adela Sofia Murillo was a covered employee within the meaning of the FLSA and the NYLL.

*Defendants*

24. LAHORI KEBAB & GRILL CORP, is a New York corporation with its principal place of business located at 217 Bethpage Road, Hicksville, NY 11801.

25. DISTINCTIVE FLAVORS, INC., is a New York corporation with its principal place of business located at 107 Broadway, Hicksville, NY 11801.

26. MASALA WOK. INC., is a New York corporation with its principal place of business located at 107 Broadway, Hicksville, NY 11801.

27. THE EAST AND WEST PUNJAB INC., is a New York corporation with its principal place of business located at 55 South Broadway, Hicksville, NY 11801.

28. At all times relevant to this action, LAHORI KEBAB & GRILL CORP., was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

29. At all times relevant to this action, DISTINCTIVE FLAVORS, INC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

30. At all times relevant to this action, MASALA WOK. INC., was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

31. At all times relevant to this action THE EAST AND WEST PUNJAB INC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

32. On information and belief, LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., are the same entity and/or part of "enterprise engaged in interstate commerce" within the meaning of the FLSA..

33. On information and belief, LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

34. On information and belief, for approximately the last ten years, Defendant MUZAMIL ZIA, SOHAIL DOE, SOURAV JHA, has owned, managed, maintained, controlled

and/or and oversaw the direction of LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC.

35. On information and belief, for approximately the last ten years, MUZAMIL ZIA, SOHAIL DOE, SOURAV JHA, has owned, managed, maintained, controlled and/or and oversaw the direction of LAHORI KEBAB GRILL, CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC.

36. Defendants are all persons engaged in business in Nassau and Suffolk County who are sued individually in his or her capacity as an owner, officer, and agent of LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC. Defendants exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendants had the authority to hire and fire employees and established and maintained policies regarding the pay practices at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC.

## COLLECTIVE ACTION ALLEGATIONS

37. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of Plaintiff(s) and other similarly situated persons, i.e., cooks, dishwashers, porters, cleaners, wait staff and other laborers, who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

38. The FLSA Collective consists of numerous similarly situated current and former employees i.e., cooks, dishwashers, porters, cleaners, wait staff and other laborers, who worked at LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC.,

THE EAST AND WEST PUNJAB INC. and who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages and or payment of minimum wage payments..

39. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, inter alia, the following:

(a) Failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

(b) Failing to pay employees the applicable minimum wage rate for all time worked.

(c) Failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

40. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

41. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees, both current employees and former employees, are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

42. The positions of cooks, dishwashers, porters, cleaners, wait staff and other laborers, respectively, are not exempt and have never been exempt, and the Plaintiffs have not been paid overtime for all hours worked in excess of forty (40) hours per week.

43. The FLSA and NYLL require that employers pay all employees at least one and one half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

44. The FLSA and NYLL require that employers pay all employees at least the minimum wage for all work performed.

45. Defendants failed to compensate Plaintiff and members of the FLSA Collective at minimum wage for all hours worked. The exact accounting of such discrepancy can only be determined upon completion of discovery.

46. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

47. Plaintiffs and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

48. Defendants paid Plaintiffs and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

# FACTS

## LAHORI KEBAB GRILL, DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC.

49. LAHORI KEBAB GRILL, CORP., is a restaurant and part of an enterprise including DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC.

50. Upon information and belief, LAHORI KEBAB GRILL, INC., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC. is/was/are open Monday through Sunday.

51. All of the Plaintiffs worked at the location of: 55 A Broadway Hicksville, NY 11801

## Plaintiff's Employment at LAHORI KEBAB GRILL, CORP.

52. As previously noted, Plaintiffs worked at LAHORI KEBAB GRILL, CORP. at differing times.

53. An employee of Defendants interviewed and hired Plaintiffs at LAHORI KEBAB GRILL, CORP., at the location of 55 A Broadway Hicksville, NY 11801.

54. After being hired, Plaintiffs worked primarily at LAHORI KEBAB GRILL, CORP. or one of the other names of the corporation at the location of: 55 A Broadway Hicksville, NY 11801

55. While working at LAHORI KEBAB GRILL, CORP., Plaintiff(s) was/were managed directly by an employee(s) of LAHORI KEBAB GRILL, CORP. or one of the other related entities.

**Plaintiff Arnoldo Lopez' Work Schedule and payment**

56. Throughout his employment, Plaintiff worked 6 days a week on behalf of Defendants. Plaintiff worked in excess of 80 hours per week, six days per week from May 2014 through February 2018, and was paid between $450 and $550 per week.

57. Plaintiff did not receive proper meal breaks for each day.

58. Plaintiff was never paid overtime for work in excess of 40 hours per week.

59. Plaintiff's hourly wage was below the federal and state minimum wage standards.

**Plaintiff Diana Leticia Linarez Ramirez Work Schedule and payment**

60. Throughout her employment, Plaintiff worked 6 days a week on behalf of Defendants. Plaintiff worked in excess of 60 hours per week, six days per week from October 2016 through December 2017, and was paid $200 per week.

61. Plaintiff did not receive proper meal breaks for each day.

62. Plaintiff was never paid overtime for work in excess of 40 hours per week.

63. Plaintiff's hourly wage was below federal and state minimum wage standards.

**Plaintiff Elias Lopez Vasquez Work Schedule and payment**

64. Throughout her employment, Plaintiff worked 6 days a week on behalf of Defendants. Plaintiff worked in excess of 80 hours per week, six days per week from December 2017 through February 2018 and was paid $100 per week.

65. Plaintiff did not receive proper meal breaks for each day.

66. Plaintiff was never paid overtime for work in excess of 40 hours per week.

67. Plaintiff's hourly wage was below federal and state minimum wage standards.

**Plaintiff Adelia Sofia Murillo Work Schedule and payment**

68. Throughout her employment, Plaintiff worked 3-4 days a week on behalf of Defendants. Plaintiff would work 33 hours per week did but not receive the proper minimum wage.

69. Plaintiff did not receive proper meal breaks for each day.

70. Plaintiff's hourly wage was below federal and state overtime standards.

**Defendants' Violations of the Wage Theft Protection Act**

71. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

72. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

73. Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION- ALL PLAINTIFFS**
**Fair Labor Standards Act-Minimum Wage and Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

74. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

76. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during workweeks in the relevant period.

77. Plaintiff and the FLSA Collective Plaintiffs were not paid the minimum wage for work that was performed in the relevant period.

78. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

79. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate minimum wage premiums for all hours worked per workweek, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

80. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

81. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

82. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION- ALL PLAINTIFFS
### New York Labor Law-Unpaid Overtime and Minimum wage violation
### (Brought on behalf of Plaintiffs)

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants failed to pay Plaintiffs the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

85. Defendants failed to pay Plaintiffs one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

86. Defendants failed to pay Plaintiffs the minimum wage as set forth in statute and wage order.

87. Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

88. Through their knowing or intentional failure to pay Plaintiffs minimum wages for hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

89. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

# THIRD CAUSE OF ACTION- ALL PLAINTIFFS
## New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiffs)

90. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

92. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

93. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014, and fifty dollars for each workday after December 29, 2014, that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

# FOURTH CAUSE OF ACTION- ALL PLAINTIFFS
## New York Labor Law-Failure to Provide Wage Statements
### (Brought on behalf of Plaintiffs)

94. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

95. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

96. Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

97. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA

WOK. INC., THE EAST AND WEST PUNJAB INC., MUZAMIL ZIA, SOHAIL DOE, SOURAV JHA, jointly and severally, as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b) Damages for the unpaid minimum wage and overtime wages due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

c) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiffs and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

d) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

f) For prejudgment interest on the foregoing amounts;

g) For the costs and disbursements of this action, including attorneys' fees; and

h) For such other further and different relief as this Court deems just and proper.

Dated: April 9, 2018

/S/ Gregory Goodman

**THE LAW OFFICE OF GREGORY A. GOODMAN P.C.**
By: Gregory A. Goodman, Esq.
Attorneys for the Plaintiff
380 North Broadway, Suite 203
Jericho, New York 11753
Tel: (516) 597-5840
Tel: (631) 656-8180
Fax: (866) 415-1019
ggoodman@gganylaw.com
**File No.: WH-2015 (Arnoldo Lopez)**

Case No.

ARNOLDO LOPEZ VASQUEZ, DIANA LETICIA LINAREZ RAMIREZ, ELIAS LOPEZ VASQUEZ, ADELA SOFIA MURILLO, individually and on behalf of all other similarly situated individuals,

Plaintiff,

- Against -

LAHORI KEBAB & GRILL CORP., DISTINCTIVE FLAVORS, INC., MASALA WOK. INC., THE EAST AND WEST PUNJAB INC., MUZAMIL ZIA, SOHAIL DOE, SOURAV JHA,

Defendant.

PURSUANT TO SECTION 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR) I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE WITHIN SUMMONS AND VERIFIED COMPLAINT ARE NOT FRIVOLOUS

_____
By: Gregory A. Goodman, Esq.

Notice Pursuant to CPLR 2103(5) declining service by electronic transmittal

**SUMMONS AND COMPLAINT**

**THE LAW OFFICE OF GREGORY A. GOODMAN P.C.**
Attorneys for the Plaintiff
380 North Broadway, Suite 203
Jericho, New York 11753
Tel: (516) 597-5840 *New
Tel: (631) 656-8180
Fax: (866) 415-1019
**File No.: WH-2015 (Arnoldo Lopez)**

To:

Attorney for defendant

Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

Dated:

_____
Attorney for Defendant

**File No.: WH-2015 (Arnoldo Lopez)**