UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ARNOLDO LOPEZ VASQUEZ, DIANA
LETICIA LINAREZ RAMIREZ, ELIAS LOPEZ
VASQUEZ, and ADELA SOFIA MURILLO,
*individually and on behalf of all other*
*similarly situated individuals*,

                            Plaintiffs,

   -against-

LAHORI KEBAB & GRILL CORP.,
DISTINCTIVE FLAVORS, INC., MASALA
WOK. INC., THE EAST AND WEST PUNJAB
INC., MUZAMIL ZIA, SOHAIL DOE, and
SOURAV JHA,

                       Defendants.
-----------------------------------------------------------------x

**REPORT AND**
**RECOMMENDATION**

18-CV-2117 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Joanna Seybert for

Report and Recommendation, is Plaintiffs' Arnoldo Lopez Vasquez ("ALV"), Diana

Leticia Linarez Ramirez ("DLLR"), Elias Lopez Vasquez ("ELV"), and Adela Sofia

Murillo ("ASM," and collectively with ALV, DLLR and ELV, "Plaintiffs") motion for

default judgment. *See* Docket Entry ("DE") [8]. By way of Complaint filed April 9,

2018, Plaintiffs commenced this action, on behalf of themselves and all others

similarly situated, seeking, *inter alia*, unpaid overtime and minimum wage

compensation from Defendants Lahori Kebab & Grill Corp. ("Lahori"), Distinctive

Flavors, Inc. ("Flavors"), Masala Wok. Inc. ("Masala"), The East and West Punjab Inc.

("Punjab," and together with Lahori and Flavors, the "Restaurants"), Muzamil Zia

("Zia"), Sohail Doe ("Doe"), and Sourav Jha ("Jha," together with Zia and Doe, the

"Individual Defendants," and collectively with the Restaurants, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. and the New York Labor Law ("NYLL"). *See* Complaint ("Compl."), DE [1].[1]  After Defendants failed to answer or otherwise respond to the Complaint, the Clerk of the Court entered default against them on July 31, 2018.  *See* DE [7].[2]  On September 16, 2018, Plaintiffs filed the instant motion, *see* DE [8], which Judge Seybert subsequently referred to this Court for Report and Recommendation.  *See* April 9, 2019 Electronic Order Referring Motion.  For the reasons set forth below, the Court respectfully recommends that Plaintiffs' motion be granted in part and denied in part as detailed herein.

## I.    Background

The following facts, which are presumed true for the purpose of this motion, are taken from the Complaint and the various supporting declarations with accompanying exhibits.[3]

---

[1] Although the caption indicates the intent to proceed as a class or collective action, no motion for certification was ever filed.

[2] Jha was never served with the Summons and Complaint, and neither Lahori nor Doe were served with the instant motion.  Accordingly, as set forth below, the Court respectfully recommends *sua sponte* dismissing Jha from this action and entering a default judgment solely against Flavors, Punjab, Masala, and Zia.  *See* Section III(A), *infra*.

[3] Plaintiffs each submitted a declaration with an attached spreadsheet detailing their employment and compensation history with Defendants.  *See* Declaration of ALV ("ALV Decl."), DE [8], at 5-13; Declaration of DLLR ("DLLR Decl."), *id*. at 14-17; Declaration of ELV ("ELV Decl."), *id*. at 18-21; and Declaration of ASM ("ASM Decl.," and collectively with the ALV Decl., DLLR Decl. and ELV Decl., "Pltfs.' Decls."), *id*. at 22-25.  The Court notes that Plaintiffs' attorney also submitted a declaration in support of the default judgment motion.  *See* Declaration of Gregory Goodman ("Goodman Decl."), *id*. at 2-4.  The Goodman Declaration purports to attach several exhibits, including records of attorneys' fees and costs expended in connection with this action.  *See id*. at ¶¶ 6-12.  The filing, however, fails to include any exhibits.  Accordingly, as discussed below, the Court is unable to recommend a fee award at this time.  *See* Section III(B)(v), *infra*.  Moreover, Plaintiffs' Memorandum of Law is riddled with

Defendants' purported failure to pay overtime and minimum wages to Plaintiffs, or to provide them with wage notices and statements, sparks the instant action. *See generally* Compl. The Restaurants, which form a single enterprise, are all New York corporations with principal places of business in Hicksville, New York, engage in interstate commerce and have annual gross revenues exceeding $500,000. *See id.* ¶¶ 24-33, 49. The Individual Defendants own and operate the Restaurants, have the authority to hire and fire employees, and establish the applicable compensation policies. *See id.* ¶¶ 34-36. Plaintiffs worked at the Restaurants as nonexempt cooks, cleaners, dishwashers, and/or servers from approximately May 2014 through February 2018. *See id.* ¶¶ 9-23. Specifically: (i) ALV worked from May 2014 through February 2018; (ii) DLLR was employed from October 2017 through December 2017; (iii) ELV worked from December 2017 through February 2018; and (iv) ASM was employed from October 2017 through November 2017. *See id.* ¶¶ 9, 13, 17, 21. ALV, DLLR, and ELV each worked 60-80 hours over six days every week, and were paid flat rates of between $100 and $550 per week without regard to minimum wage and overtime requirements. *See id.* ¶¶ 56-67. ASM worked 33 hours over a three-to-four-day period each week, and was compensated at a rate less than the applicable minimum wage. *See id.* ¶¶ 68-70. In addition, Defendants failed to provide Plaintiffs with the annual wage notices or regular wage statements required by the

---

inconsistencies, such as referring to the wrong attorney's declaration, naming the wrong parties at times, advancing irrelevant legal arguments, and failing to cite to the record. *See generally* Memorandum of Law in Support of Default Judgment ("Pltfs.' Mem."), DE [8] at 26-50. Nevertheless, the Complaint and Plaintiffs' Declarations provide enough for the Court to establish liability and recommend damages as set forth herein.

NYLL.  *See id*.  ¶¶  71-73,  90-97.    Finally,  Plaintiffs  allege  that  Defendants'
compensation practices willfully violated federal and state law.  *See id*. ¶¶ 78-82, 87-
89, 91-93.

Based on the foregoing, Plaintiffs commenced this action against Defendants
on April 9, 2018.  *See* DE [1].  The Complaint seeks redress for unpaid overtime and
minimum wages under the FLSA and NYLL, in addition to statutory damages for
Defendants' failure to provide wage notices pursuant to the NYLL.  *See* Compl., First
through Fourth Causes of Action.  Plaintiffs served the Summons and Complaint on
the Restaurants on April 30, 2018.  *See* DE [6] at 7-10.  Doe and Zia were served on
April  19,  2018  and  June  27,  2018,  respectively.    *See id*. at  11,  14.   The  served
Defendants failed to respond or otherwise appear in this matter, and, as such, the
Clerk of the Court noted their default on July 31, 2018.  *See* DEs [6] – [7].  Jha was
never served, and so the Clerk declined to enter that Defendant's default.  *See* July
31, 2018 Electronic Denial of Default.  On September 16, 2018, Plaintiffs moved for a
default judgment, *see* DE [8], and Judge Seybert subsequently referred the motion to
this Court for a Report and Recommendation as to liability and damages.  *See* April
9, 2018 Electronic Order Referring Motion.  According to the Declaration of Service,
the instant motion was only served on Distinctive, Punjab, Masala, and Zia.  *See* DE
[8] at 49-50.

## II.  Default Judgment Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of
Civil Procedure, which provides for a two-step process.  *See* Fed. R. Civ. P. 55;

*Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). When a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied").

However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation and citation omitted). A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrara v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (internal quotations and citation omitted). Accordingly, "prior to entering default judgment, a district court is required to determine whether the [plaintiffs'] allegations establish the [defendants']

5

liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation and citation omitted).

If liability is established, the court must ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup*, 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

## III.   Discussion

### A.   <u>Liability</u>

Initially, the Court respectfully recommends dismissal without prejudice of the claims against Defendant Jha due to Plaintiffs' failure to properly effectuate service of process. *See* Fed. R. Civ. P. 4(m); *see also Milord v. Duran*, No. 13-cv-5451, 2014 WL 4207610, at *2 (E.D.N.Y. Aug. 25, 2014) (*sua sponte* dismissing the plaintiff's claims for failure to comply with Rule 4(m)). Further, the Court recommends declining to enter a default judgment against Lahori or Doe in light of the instant motion not being served on them. *See* DE [8] at 49-50; *see also Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-cv-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (denying default judgment motion against defendants who were not served with the

motion) (citing Local Civil Rule 55.2(c) ("all papers submitted [in support of a motion for default judgment] ... shall simultaneously be mailed to the party against whom a default judgment is sought ....")).  As to the remaining Defendants – Flavors, Punjab, Masala, and Zia – (hereinafter referred to as the "Defaulting Defendants"), applying the standards outlined above and for the reasons set forth below, the Court concludes that the Complaint sufficiently demonstrates liability for failure to pay overtime compensation, minimum wages, and provide applicable wage notices.  Accordingly, the Court respectfully recommends entering a default judgment against the Defaulting Defendants and awarding the damages specified herein.

i.   <u>Fair Labor Standards Act</u>

Turning first to Plaintiffs' allegations under the FLSA, the Court concludes that Defendants are liable for violating the statute's overtime and minimum wage requirements.

a.   *Employer/Employee Relationship*

At the outset, Plaintiffs must establish that Defendants are employers that are engaged in interstate commerce in order to be afforded protection under the FLSA. *See* 29 U.S.C. § 207; *D'Arpa v. Runway Towing Corp.*, No. 12-cv-1120, 2013 WL 3010810, at *13 (E.D.N.Y. June 18, 2013).  The statute defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee ...."  29 U.S.C. § 203(d).  To determine whether an individual is an "employer" under the FLSA, the Second Circuit utilizes the economic realities test, which focuses on "whether the alleged employer (1) had the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-105 (2d Cir. 2013) (internal quotation and citation omitted).  In addition, the analysis considers whether the defendant had "operational control" over employees.  *Id.* at 110.

An entity is subject to the FLSA if it is engaged in interstate commerce. Specifically, a company is liable for wage violations under the statute "if it hires an employee who either: 1) is engaged in commerce or in the production of goods for commerce or 2) is employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." *See Valdez v. H & S Rest. Operations, Inc.*, No. 14-cv-4701, 2016 WL 3079028, at *2 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016).  An "enterprise engaged in interstate commerce" is an entity "whose annual gross volume of sales made or business done is not less than $500,000" and has employees that engage in interstate commerce.  29 U.S.C. § 203(s)(1); *see also Valdez*, 2016 WL 3079028, at *2.

Here, the Court concludes that Defendants are employers under the FLSA. Looking first at the Restaurants, Plaintiffs allege that they worked for the corporate entities, which controlled and ratified employment compensation policies.  *See* Compl. ¶ 36.  As for the Individual Defendants, Plaintiffs assert that that they own and operate the Restaurants, have the authority to hire and fire employees, supervise employees, and establish the applicable compensation policies.  *See id.* ¶¶ 34-36; *see*

*also, e.g.*, ALV Decl. ¶¶ 6-7 ("My direct supervisors were [the Individual Defendants, who] … had the power to hire, fire and make adverse employment determinations"). Thus, pursuant to the statute and economic realities test, Defendants are employers under the FLSA. *See Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA ….") (internal quotation and citations omitted). Further, the Complaint alleges sufficient collective action undertaken by Defendants as to impose joint and several liability under the FLSA. *See Shim v. Millennium Group, LLC*, No. 08-cv-4022, 2010 WL 409949, at *1 (E.D.N.Y. Jan. 27, 2010) (finding on default judgment that both individual defendants and corporation were liable under the FLSA where complaint contained allegations of actions taken collectively by "defendants"); *see also* Compl ¶¶ 32, 36.

Plaintiffs also adequately establish that the Restaurants are an enterprise engaged in interstate commerce. Initially, the Complaint asserts that the Individual Defendants collectively own and manage the Restaurants, which comprise a single enterprise that employed Plaintiffs. *See* Compl. ¶¶ 32, 35, 49. Moreover, Plaintiffs worked at the Restaurants collectively, rather than being assigned to a specific individual restaurant. *See id.* ¶¶ 9, 14, 17, 21. In addition, Plaintiffs allege that the Restaurants' gross annual volume of sales exceeds $500,000, and that Defendants "engaged in interstate commerce" and "in commerce or in the production of goods for commerce … that have been moved in or produced in commerce by any person." *See*

9

Compl. ¶¶ 28-33.  Although Plaintiffs do not provide specific instances of interstate commerce, the Court can infer a nexus considering that Defendants operate in the food industry and that Plaintiffs handled food products, which presumably were transferred between states.  *See Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-cv-3314, 2015 WL 5561033, at *4 (E.D.N.Y. Sept. 1, 2015), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015) (inferring interstate commerce where defendants were engaged in the food industry); *Huerta v. Victoria Bakery*, 10-cv-4754, 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012) (assuming interstate commerce because "[i]t is inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state or that the bakery did not sell its products outside the State of New York.").  Accordingly, the Court recommends that all Defendants be deemed employers under the FLSA, such that the Defaulting Defendants can be held jointly and severally liable for any violation of the FLSA's overtime and minimum wage requirements.

### b.    *Overtime and Minimum Wage*

The Court now addresses the substance of Plaintiffs' FLSA claims.  As relevant to unpaid overtime compensation, the statute provides that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  Further, the FLSA dictates that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce … [the minimum wage]."  29 U.S.C. § 206(a).  The applicable minimum wage under the FLSA during the entire period of Plaintiffs' employment was $7.25 per hour.  *See id.* § 206(a)(1)(C).  In turn, the minimum federal overtime rate during this period was $10.88 (*i.e.*, one-and-a-half times the minimum wage).

Here, Plaintiffs establish both minimum wage and overtime violations under the FLSA.  *See* Compl. ¶¶ 56-70.  Taking ALV's 2014 compensation structure as an example:  ALV worked 72 hours each week for a flat rate of $450 and thus received the equivalent of $6.25 per hour.  *See* ALV Decl. ¶¶ 10, 15.  Thus, ALV's compensation during this period falls short of both the $7.25 minimum wage for the first 40 hours he worked and the $10.88 overtime rate for the remaining 32.  Similarly:  (i) DLLR's effective hourly wage of $2.86 per hour (flat rate of $200 for 70 hours), *see* DLLR Decl. ¶¶ 10, 15; (ii) ELV's effective hourly wage of $5.63 per hour (flat rate of $450 for 80 hours), *see* ELV Decl. ¶¶ 11, 16; and (iii) ASM's effective hourly rate of between $0 (for weeks in which she was not paid for her work) and $3.64-$6.97 per hour (for weeks in which she was paid a flat rate of between $120 and $230 for 33 hours of work), *see* ASM Decl. ¶¶ 10, 15, all amount to a failure by Defendants to pay the applicable minimum wage and overtime rates.[4]  Accordingly, Plaintiffs adequately allege violations of the FLSA's overtime requirements with respect to ALV, DLLR

---

[4] ASM does not allege to have ever worked more than 40 hours per week, and so does not seek overtime compensation.

and ELV, and minimum wage violations for all Plaintiffs, and the Court respectfully recommends that Defaulting Defendants be held liable on those claims.

ii.   New York Labor Law

The Court further concludes that Defaulting Defendants are liable for violating the NYLL's provisions concerning overtime compensation, minimum wages, and wage notices.

a.   *Overtime and Minimum Wage*

"The New York Labor Law 'is the state analogue to the federal FLSA.'" *D'Arpa*, 2013 WL 3010810, at *18 (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011)).  As such, its "definition of employment is nearly identical to that of the FLSA." *Juarez v. Precision Apparel, Inc.*, No. 12-cv-2349, 2013 WL 5210142, at *7 (E.D.N.Y. Sept. 13, 2013).  Due to these similarities, courts approach FLSA and NYLL claims in the same manner.  *See, e.g.*, *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015) ("courts in the Second Circuit have generally applied their analysis of a plaintiff's FLSA claim to a plaintiff's NYLL claim due to the substantial similarity in the provisions").  Here, during the relevant period of Plaintiffs' employment, New York's minimum wage ranged from $8.00 per hour to $10.40 per hour, rendering the applicable overtime rates between $12.00 per hour and $15.60 per hour.  *See* N.Y. Lab. Law § 652.  Accordingly, based on the effective hourly rates of payment discussed above, *see* Section III(A)(i)(b), *supra*, the Court respectfully recommends that Defaulting Defendants be found liable for violating the overtime and minimum wage provisions of the NYLL.

12

*b.    Failure to Provide Wage Statements*

Plaintiffs also seek a default judgment concerning Defendants' alleged failure to provide wage and hour notices as required by New York's Wage Theft Prevention Act ("WTPA").   Section 195(1) of the NYLL requires employers to "provide [their] employees, in writing … a notice containing … the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other … claimed as part of the minimum wage …."   N.Y. Lab. Law § 195(1).   Further, pursuant to Section 195(3), every employer shall "furnish each employee with a statement with every payment of wages …."   *Id*. § 195(3).   Here, the Complaint alleges that neither of the notices required by the WTPA were ever provided to Plaintiffs. *See* Compl. ¶¶ 90-97.   Accordingly, the Court respectfully recommends a finding of liability on these causes of action.

**B.    Damages**

Having established Defaulting Defendants' liability, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed."  *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010).   Here, Plaintiffs seek compensatory damages, liquidated damages, statutory damages under the WTPA, prejudgment interest, and attorneys' fees and costs.  *See generally* Pltfs.' Mem.

As an initial matter, a determination of damages requires consideration of the applicable statutes of limitations.   *Cortes v. Warb Corp.*, No. 14-cv-7562, 2016 WL 1266596, at *2 (E.D.N.Y. Mar. 15, 2016), *report and recommendation adopted*, 2016

WL 1258484 (E.D.N.Y. Mar. 30, 2016).  The statute of limitations under the FLSA is two years but extends to three years for willful violations.  29 U.S.C. § 255(a).  A violation is willful if a plaintiff shows "that the employer either knowingly violated its obligations under the FLSA or showed reckless disregard for whether its conduct was prohibited by that statute."  *Chen v. JP Standard Constr. Corp.*, No. 14-cv-1086, 2016 WL 2909966, at *5 (E.D.N.Y. Mar. 18, 2016), *report and recommendation adopted*, 2016 WL 2758272 (E.D.N.Y. May 12, 2016).  The limitations period under the NYLL is six years.  *See* N.Y. Lab. Law § 198(3).

Here, Plaintiffs sufficiently allege willful violations such that the three-year limitations period under the FLSA applies, *see* Compl. ¶¶ 78-82, 87-89, 91-93, and considering the Complaint was filed on April 9, 2018, Plaintiffs are entitled to relief for FLSA violations that occurred on or after April 9, 2015.  Further, considering the six-year limitations period of the NYLL, the entire duration of Plaintiffs' employment – spanning from May 2014 through February 2018 – is covered.  However, while "plaintiffs may not recover under both the FLSA and NYLL for the same injury, courts allow plaintiffs to recover under the statute that provides for the greatest relief."  *Ni v. Bat-Yam Food Servs. Inc.*, No. 13-cv-7274, 2016 WL 369681, at *1 (S.D.N.Y. Jan. 27, 2016) (collecting cases).  To that end, because the NYLL's six-year limitations period allows for greater recovery than the FLSA's three-year timeframe, the Court concludes that damages calculations under the NYLL are appropriate.  *See Luna v. Gon Way Constr., Inc.*, No. 16-cv-1411, 2017 WL 835321, at *15 (E.D.N.Y. Feb. 14, 2017), *report and recommendation adopted*, 2017 WL 835174 (E.D.N.Y. Mar.

2, 2017) (recommending that "the District Court find that Plaintiffs are permitted to recover liquidated damages for unpaid wages and unpaid overtime under the greater of the FLSA or NYLL").  Accordingly, the Court respectfully recommends a finding that Plaintiffs' claims are subject to NYLL's six-year statute of limitations, and, as such, that the entirety of their tenure is covered.

                    i.       <u>Compensatory Damages – Minimum Wage and Overtime</u>

In support of their claims for damages, Plaintiffs each submit declarations with spreadsheets annexed substantiating the hours they worked and the compensation they received.  *See generally* Pltfs' Decls.  Where, as here, a defendant fails to rebut a plaintiff's assertions of hours worked and the rate of pay, the Court credits that plaintiff's recollection.  *See Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-cv-7310, 2016 WL 1359218, at *2 (E.D.N.Y. Mar. 17, 2016), *report and recommendation adopted sub nom*, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016) ("When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct"); *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-cv-6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009), *report and recommendation adopted*, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009) ("In a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct.").  Accordingly, the Court relies on Plaintiffs' recollections, as detailed in their Declarations and proffered spreadsheets, in calculating the amount of outstanding overtime and minimum wage compensation that they are owed.

With respect to minimum wage damages, Plaintiffs seek unpaid compensation for their employment at the Restaurants from May 2014 through February 2018. *See* Compl. ¶¶ 9, 13, 17, 21. As discussed above, the federal minimum wage does not preempt the rate set by the NYLL, and so Plaintiffs are entitled to recover at whichever amount was higher during their employment. *See* 29 U.S.C. § 218(a); *Jiao v. Shi Ya Chen*, No. 03-cv-165, 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007); *Wicaksono v. XYZ 48 Corp.*, No. 10-cv-3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), r*eport and recommendation adopted*, 2011 WL 2038973 (S.D.N.Y. May 24, 2011) (internal citation omitted). New York's minimum wage rate during the relevant periods was: (i) $8.00/hour in 2014; (ii) $8.75/hour in 2015; (iii) $9.00/hour in 2016; (iv) $9.70 in 2017; and (v) $10.40 in 2018. N.Y. Lab. Law § 652. Since July 24, 2009, the federal minimum wage has been $7.25 per hour. *See* 29 U.S.C. § 206(a)(1). Because New York's minimum wage exceeded the federal standard throughout the relevant period, the Court applies that rate across the board.

As for overtime compensation, the FLSA and NYLL require overtime compensation to an employee "at a rate not less than one and one-half times the regular rate at which he is employed." *See* 29 U.S.C. § 207(a)(1); *see Peralta v. M & O Iron Works, Inc.*, No. 12-cv-3179, 2014 WL 988835, at *7 (E.D.N.Y. Mar. 12, 2014) ("The NYLL overtime compensation scheme is identical to the FLSA requirements in that it obligates employers to pay employees a fifty[]percent premium for each of their overtime hours"). Overtime wages due are calculated by multiplying the number of overtime hours worked in a week by the overtime rate, which is one and one-half

times the usual hourly rate.  *Pinzon v. Paul Lent Mech. Sys., Inc.*, 11-cv-3384, 2012 WL 4174725, at *3 (E.D.N.Y. Aug. 21, 2012), *report and recommendation adopted*, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).  Thus, Plaintiffs were entitled to the following overtime rates for weeks in which they worked more than 40 hours: (i) $12.00/hour in 2014; (ii) $13.13/hour in 2015; (iii) $13.50/hour in 2016; (iv) $14.55 in 2017; and (v) $15.60 in 2018 (*i.e.*, one-and-a-half times the minimum wage).

Applying the foregoing rates, the Court respectfully recommends that Plaintiffs are entitled to the following actual damages:[5]  ALV is owed:  (i) $7,648 for 2014; (ii) $13,785 for 2015; (iii) $17,586 for 2016; (iv) $20,405.20 for 2017; and (v) $2,921.60 for 2018, for a total of **$62,345.80**.[6]  *See* ALV Decl. ¶¶ 15-19, 22-26; Spreadsheet attached thereto.  DLLR should be awarded **$6,724** for the 11 weeks she worked in 2017.  *See* DLLR Decl. ¶¶ 15, 18-20; Spreadsheet attached thereto.  ELV is entitled to **$3,534.40** for the eight weeks he worked in 2019.  *See* ELV Decl. ¶¶ 16, 19, 21; Spreadsheet attached thereto.  ASM is owed **$1,284** for the seven weeks she worked in 2017.  *See* ASM Decl. ¶¶ 15, 18-21; Spreadsheet attached thereto.

---

[5] The Court notes that it has reviewed the spreadsheets attached the Plaintiffs' Declarations and independently performed the calculations necessary to compute the damages owed.  Specifically, the Court: (i) multiplied the first 40 hours worked by each Plaintiff in a given week by the applicable minimum wage for that year; (ii) multiplied any hours in excess of 40 worked in a given week by the applicable overtime rate for that year; (iii) added the results of (i) and (ii) to determine the weekly wages owed; (iv) subtracted from (iii) the amount paid to Plaintiffs by Defendants to find the amount owed in damages per week; and (v) multiplied the result of (iv) by the weeks worked in a given year. Using ALV's 2018 as an example, where he worked 72 hours for eight weeks:  (i) 40 hours multiplied by the $10.40 minimum wage equals $416; (ii) 32 hours multiplied by $15.60 equals $499.20; (iii) thus, ALV was owed $ 915.20 per week in 2018; (iv) subtracting $550 (the amount paid by Defendants) from the $915.20 owed results in $365.20 in damages per week; and (v) $365.20 weekly damages multiplied by eight weeks equates to $2,921.60 of total damages for ALV in 2018.

[6] Plaintiffs' request of $59,424.20 fails to factor in the 2018 damages.  ALV's Declaration, however, substantiates the additional $2,921.60.

ii.   <u>Liquidated Damages</u>

The Court further concludes that Plaintiffs are entitled to liquidated damages. Under the FLSA and NYLL, liquidated damages are awardable in an amount equal to the unpaid compensation "unless the employer can show that it acted in good faith." *Valdez*, 2016 WL 3079028, at *6 (quoting 29 U.S.C. § 216(b)); *see* N.Y. Lab. Law §§ 663(1). While an award of duplicative liquidated damages under the FLSA and NYLL is prohibited, *see Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018), courts within this Circuit have allowed recovery under the statute that provides the greatest relief. *See Castillo v. RV Transp., Inc.*, No. 15-cv-0527, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016); *see also Luna*, 2017 WL 835321, at *15. To that end, considering the six-year limitations period, the Court recommends an award of liquidated damages under the NYLL such that Plaintiffs' entire employment tenure is covered.

Here, the Court finds that Defendants' default alone is sufficient to demonstrate a lack of good faith. *See Valdez*, 2016 WL 3079028, at *6 ("As the defendants here have defaulted, they have not shown they acted in good faith"). Plaintiffs also allege facts suggesting that Defendants knowingly violated the federal and state minimum wage and overtime requirements. *See, e.g.,* Compl. ¶ 78 ("Defendants willfully failed to pay … Plaintiffs the appropriate overtime premiums …."); *id*. ¶ 79 ("Defendants willfully failed to pay … Plaintiffs the appropriate minimum wage …."); *id*. ¶ 80 ("Defendants' unlawful conduct … has been willful and intentional. Defendants are aware or should have been aware that the practices … were unlawful."). Thus, it is respectfully recommended that Plaintiffs be awarded

18

liquidated damages in the form of 100% of their unpaid overtime and minimum wages as set forth above.   Accordingly, the Court respectfully recommends awarding an additional:   (i) **$62,345.80** to ALV; (ii) **$6,724** to DLLR; (iii) **$3,534.40** to ELV; and (iv) **$1,284** to ASM.

iii.    <u>Statutory Damages under the WTPA</u>

Next, Plaintiffs each request $10,000 in statutory damages under the WTPA. *See* Pltfs.' Mem. at 16-20; *see generally* Pltfs.' Decls.  If an employer violates NYLL § 195(1)'s requirement to provide a wage notice, an employee can recover $50 per day while the violation continues, up to a maximum of $5.000. *See* N.Y. Lab. Law § 198(1-b).  Thus, if an employee works for at least 100 days without receiving the requisite wage notice, they are entitled to the statutory maximum of $5,000.  Similarly, if an employer fails to provide wage statements pursuant to NYLL § 195(3), an employee may recover $250 per day while the violations are ongoing, up to a maximum of $5,000. *See id.* § 198(1-d).  In other words, if an employee has worked at least 20 days without receiving wage statements, they are entitled to the statutory maximum of $5,000.

Here, as discussed above, Plaintiffs have adequately alleged that Defendants failed to provide them with any of the notices required by the WTPA. *See* Compl. ¶¶ 90-97.  However, only ALV worked enough days to be entitled to the statutory maximum of $5,000 under Section 195(1). *See* Spreadsheet attached to ALV Decl.  As for the remaining Plaintiffs:  (i) DLLR is entitled to $3,850 (11 weeks at $50 per day); (ii) ELV is owed $2,800 (eight weeks at $50 per day); and (iii) ASM should be awarded

$2,450 (seven weeks at $50 per day).  *See* Spreadsheets attached to DLLR, ELV, and ASM Decls.  With respect to Section 195(3), Plaintiffs all worked at least 20 days without receiving a wage statement, and, as such, are entitled to $5,000 in damages each.  *See* Spreadsheets attached to Pltfs.' Decls.  Accordingly, the Court respectfully recommends awarding the following statutory damages:  (i) **$10,000** to ALV; (ii) **$8,850** to DLLR; (iii) **$7,800** to ELV; and (iv) **$7,450** to ASM.

### iv.   Prejudgment Interest

Plaintiffs also seek prejudgment interest under the NYLL.  Although it is "well settled" that prejudgment interest is not awardable under the FLSA, *Begum v. Ariba Disc., Inc.*, 12-cv-6620, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015), "the NYLL permits the award of both liquidated damages and pre-judgment interest." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015).  Under the New York Civil Practice Law and Rules ("CPLR"), "[i]nterest shall be at the rate of nine per centum per annum."  N.Y. CPLR § 5004.  Where, as here, unpaid wages are "incurred at various times, interest shall be computed . . . from a single reasonable intermediate date." *Id*. § 5001(b); *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-cv-04760, 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013).  A common date is "[t]he median date between the earliest ascertainable date the cause of action existed and the date the action was filed …." *Gunawan*, 897 F. Supp. 2d at 93; *see also Tackie v. Keff Enterprises, LLC*, No. 14-cv-2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) ("In wage and hour cases, courts often choose the midpoint of the plaintiff's employment within the limitations period").  Further, a NYLL plaintiff may recover

prejudgment interest only on his "actual damages . . . under the NYLL, . . . not [his] liquidated damages." *Marcelino v. 374 Food, Inc.*, No. 16-cv-6287, 4, at *21 (S.D.N.Y. Mar. 27, 2018).

Here, Plaintiffs have varying periods of employment, and as such the Court respectfully recommends that each should be awarded pre-judgment interest based on their applicable midpoint as follows:

| Name | Midpoint | *Per Diem* Interest[7] | Days Elapsed[8] | Compensatory Damages | Interest Owed[9] |
|------|----------|------------------------|-----------------|----------------------|-------------------|
| ALV | December 4, 2016[10] | $15.37 | 983 | $62,345.80 | **$15,108.71** |
| DLLR | November 19, 2017[11] | $1.66 | 633 | $6,724 | **$1,050.78** |
| ELV | January 21, 2018[12] | $0.87 | 570 | $3,534.40 | **$495.90** |
| ASM | November 5, 2017[13] | $0.32 | 647 | $1,284 | **$207.04** |

Further, as the unpaid wages remain outstanding, the Court recommends that daily interest should continue to accrue at the above *per diem* rates until judgment is entered.

---

[7] This figure is reached by multiplying the compensatory damages by the 9% *per annum* interest rate, and then dividing that number by 365 days in a year.

[8] From the midpoint through the issuance of the instant Report and Recommendation.

[9] This figure is reached by multiplying the *per diem* interest by the days elapsed since the midpoint.

[10] *See* ALV Decl. ¶ 28.

[11] *See* DLLR Decl. ¶ 21.

[12] *See* ELV Decl. ¶ 22.

[13] *See* ASM Decl. ¶ 22

v. <u>Total Damages</u>

In sum, the Court respectfully recommends awarding the following damages to Plaintiffs:

| Name | Compensatory | Liquidated | Statutory | Interest | Total |
|------|-------------|-----------|-----------|----------|-------|
| ALV: | $62,345.80 | $62,345.80 | $10,000 | $15,108.71 | **$149,800.31** |
| DLLR: | $6,724 | $6,724 | $8,850 | $1,050.78 | **$23,348.78** |
| ELV: | $3,534.40 | $3,534.40 | $7,800 | $495.90 | **$15,364.70** |
| ASM: | $1,284 | $1,284 | $7,450 | $207.04 | **$10,225.04** |
| **TOTAL:** | | | | | **$198,738.83** |

vi. <u>Attorneys' Fees and Costs</u>

Pursuant to the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)-(2), 663(1); *see also Apolinar v. Global Deli & Grocery, Inc.*, No. 12-cv-3446, 2013 WL 5408122, at *15 (E.D.N.Y. Sept. 25, 2013) ("Both the FLSA and New York state law provide for an award of reasonable attorneys' fees and costs"). To that end, however, a request for an award of attorneys' fees must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159-60 (2d Cir. 1994). Both statutes also provide for the recovery of reasonable costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Becerra v. Well Made Cleaning Enters., Inc.*, No. 14-cv-3147, 2015 WL 5009274, at *9 (E.D.N.Y. Aug. 21, 2015) ("[The FLSA and NYLL] similarly allow prevailing Plaintiff to recover costs from defendants"). Recoverable costs generally include "those reasonable out-of-pocket

22

expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci*, 2015 WL 1529772, at *8 (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). In the absence of adequate substantiation, a party is not entitled to recover costs. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) ("[W]ith this record, the Court has no way of confirming that these costs . . . were incurred by counsel."); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

Here, Plaintiffs request an award of reasonable attorneys' fees and costs. *See* Pltfs.' Mem. at 20-22; Goodman Decl. ¶¶ 6-12. As discussed above, however, Plaintiffs failed to attach the exhibits purporting to substantiate the awards sought. *See* n. 2, *supra*. Accordingly, the Court respectfully recommends denying Plaintiffs' motion in this regard, without prejudice, and granting leave to renew their request with an adequate evidentiary showing.

## IV.    Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiffs' motion for default judgment be granted in part and denied in part. Specifically, the Court recommends that Plaintiffs be awarded the following damages from the Defaulting Defendants, with interest continuing to accrue at the applicable *per diem* interest rate until judgment is entered:

| Name | Compensatory | Liquidated | Statutory | Interest | Total | *Per Diem* Rate |
|------|-------------|-----------|-----------|----------|-------|-----------------|
| ALV: | $62,345.80 | $62,345.80 | $10,000 | $15,108.71 | **$149,800.31** | $15.37 |
| DLLR: | $6,724 | $6,724 | $8,850 | $1,050.78 | **$23,348.78** | $1.66 |
| ELV: | $3,534.40 | $3,534.40 | $7,800 | $495.90 | **$15,364.70** | $0.87 |
| ASM: | $1,284 | $1,284 | $7,450 | $207.04 | **$10,225.04** | $0.32 |
| **TOTAL:** | | | | | **$198,738.83** | |

In addition, the Court recommends that the Complaint be *sua sponte* dismissed against Defendant Jha due to lack of service of process. Finally, the Court recommends that Plaintiffs' request for attorneys' fees and costs be denied without prejudice, with leave to renew upon an adequate evidentiary showing.

## V.    Objections

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below. Plaintiffs are directed to serve a copy of this Report and Recommendation on Defendants and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:       Central Islip, New York
             August 13, 2019            /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge